UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARY L. McCLUNE, | ) |
| Plaintiff, | ) Cause No. 4:18-CV-00370 |
| vs. | ) |
| | ) Removed from Circuit |
| FARMERS INSURANCE COMPANY, INC. | ) Court of Jackson County |
| | ) Case No. 1816-CV10500 |
| Defendants. | ) **JURY TRIAL DEMANDED** |

## DEFENDANT FARMERS' MOTION FOR SUMMARY JUDGMENT

COMES NOW Farmers Insurance Company, Inc. ("Farmers"), by and through undersigned counsel, and for its Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby states:

1. On April 23, 2018, Plaintiff sued Farmers for breach of contract and vexatious refusal to pay in relation to her claim for uninsured motorist (UIM) benefits arising out of an August 16, 2014, automobile accident. Farmers properly removed the matter from Missouri state court to this Court.

2. Plaintiff was paid $100,000.00 by State Farm, the allegedly at-fault driver's auto insurer, to settle her claim against the allegedly at-fault driver. After settling this claim, Plaintiff made a claim for UIM benefits against Farmers.

3. A valid contract of insurance existed between Plaintiff and Farmers with Policy Number 195625554 (the "Policy"), which provided UIM benefits to Plaintiff of $500,000.00 per person and $500,000.00 per occurrence, subject to the policy conditions and provisions. The Policy was in effect on August 16, 2014.

4. The Policy set forth certain duties of persons claiming coverage thereunder. These duties included the following:

"A person claiming any coverage of this policy must also:

1. Cooperate with us and assist us in any matter concerning a claim or suit.

...

4. Authorize us to obtain medical and other records.

5. Provide any written proofs of loss we require.

...

8. Submit to examination under oath upon our request.

\*\*\*

**PART V - CONDITIONS**

\*\*\*

**3. Legal Action Against Us**

We may not be sued unless there is full compliance with all the terms of this policy."

5. Plaintiff violated the aforementioned duties while Farmers attempted to evaluate her claim arising out of the August 16, 2014, accident, in that: (1) she unjustifiably refused to submit to an examination under oath; (2) she unjustifiably failed to produce all of her medical records applicable to the claimed loss despite multiple requests from Farmers; and (3) she initiated and continues to prosecute the present litigation against Farmers while persisting in her unjustified refusal to cooperate.

6. Plaintiff's UIM claim is based on two alleged injuries: (a) a right rotator cuff tear, which was disclosed at the outset of the UIM claim in 2016; and, (b) a left rotator cuff tear, which Plaintiff now claims she suffered due to "over-use" of her left shoulder while her right shoulder

2

recovered from surgery. Plaintiff made this contention about a left rotator cuff injury for the first time in a demand dated July 11, 2017, well over a year after she first made her UIM claim to Farmers.

7.  Plaintiff did not provide Farmers her complete set of medical records related to the left shoulder with the July 11, 2017, demand. In particular, at that time, Plaintiff failed to produce an MRI of her left shoulder dated June 25, 2015 (the "6/25/15 MRI"). However, a record from another physician referenced this MRI, and stated that the MRI did not show a left rotator cuff tear. Farmers was only notified of the 6/25/15 MRI due to another provider making reference to its existence. In the July 11, 2017, demand, Plaintiff instead notified Farmers of an August 24, 2016, MRI of the left shoulder that *did* show a rotator cuff tear.

8.  This was a critical omission because Plaintiff's other records reflect that, as of April 2, 2015, Plaintiff had been discharged from treatment for her right shoulder and had achieved 95% improvement. The fact that the 6/25/15 MRI, taken three months after such discharge, did not affirmatively state she had a left rotator cuff tear raised serious questions about Plaintiff's contention that her left rotator cuff tear was caused by "over-use" of the left shoulder while the right shoulder underwent treatment.

9.  The July 11, 2017, demand claimed that an orthopedic specialist, Dr. Jeffrey MacMillan, was of the opinion that Plaintiff's left rotator cuff tear was caused by her over-use of the left shoulder while the right shoulder underwent treatment. However, Plaintiff did not provide a report from Dr. MacMillan at that time.

10. On July 26, 2017, Farmers sent a letter to Plaintiff's counsel requesting that Plaintiff produce the 6/25/15 MRI, Dr. MacMillan's report, and records from Dr. Kathleen Eubanks-Meng,

3

Case 4:18-cv-00370-HFS   Document 59   Filed 06/21/19   Page 3 of 6

Plaintiff's primary care physician. Plaintiff produced additional items to Farmers on October 20, 2017, including the 6/25/15 MRI and Dr. MacMillan's report.

11. The records produced by Plaintiff on October 20, 2017, revealed that Plaintiff's primary care physician, Dr. Eubanks-Meng, ordered the 6/25/15 MRI, which was taken at Diagnostic Imaging Center. However, prior to suit being filed, Farmers was not provided with any records from Dr. Eubanks-Meng relating to Plaintiff's alleged left shoulder injury or the ordering of the 6/25/15 MRI. The latest date of treatment with Dr. Eubanks-Meng produced to Farmers pre-suit occurred on April 2, 2015, and that visit made no mention of a left shoulder injury or an order for a left shoulder MRI.

12. Farmers eventually retained the undersigned to assist in the evaluation of Plaintiff's UIM claim. On April 17, 2018, the undersigned sent a letter to counsel for Plaintiff requesting all of her medical records relating to her claimed loss. The undersigned also stated Farmers' intention to take Plaintiff's examination under oath. The need for additional investigation was apparent. As of April 17, 2018, Farmers had no information about Plaintiff's left shoulder condition from around April 2015 to June of 2015. This time period was critical because: (a) Plaintiff had been discharged from treatment to the right shoulder in April 2015; (b) Plaintiff's 6/25/15 MRI showed that she had no rotator cuff tear; and (c) Plaintiff's causation theory posited that over-use of her left shoulder during treatment for her right shoulder caused the left rotator cuff tear. Because Farmers had serious questions about the validity of Plaintiff's causation theory, Farmers needed to further investigate causation to adequately evaluate the claim. The acquisition of additional records and a pre-suit examination under oath of Plaintiff were essential to obtain an adequate evaluation.

13. Plaintiff ignored Farmers' request for her cooperation in evaluating the claim. Instead, on April 23, 2018 (six days later after the request for an EUO and additional documents), Plaintiff filed suit against Farmers. On April 24, 2018, counsel for Plaintiff sent a letter to Farmers stating that she refused to provide Farmers additional documentation or submit to an examination under oath.

14. Farmers never denied Plaintiff's UIM claim. Farmers communicated to Plaintiff that additional investigation was required to properly evaluate her claim.

15. Farmers suffered substantial prejudice from Plaintiff's violation of her duties under the Policy, in that:

   a. Plaintiff's non-cooperation deprived Farmers of its right to complete its investigation and to issue a ruling on Plaintiff's claim;

   b. Farmers was deprived of its right to obtain a complete set of Plaintiff's medical records applicable to her injury claim;

   c. Farmers was deprived of its right to take a pre-suit examination under oath of Plaintiff to ask questions essential to a proper evaluation of her UIM claim; and

   d. Farmers has been wrongly forced to incur the expense and risk associated with litigation of this lawsuit due to Plaintiff's non-cooperation.

16. Farmers exercised reasonable diligence to secure Plaintiff's cooperation. Plaintiff unjustifiably refused to discharge her duties under the Policy and instead sued Farmers.

17. There is no dispute as to the facts material to the disposition of this Motion for Summary Judgment. Those undisputed material facts demonstrate Farmers' entitled to judgment as a matter of law pursuant to clearly established law. *See, e.g., Roller v. Am. Modern Home Ins.*

5
Case 4:18-cv-00370-HFS   Document 59   Filed 06/21/19   Page 5 of 6

*Co.*, 484 S.W.3d 110 (Mo. Ct. App. 2015); *Wiles v. Capitol Indem. Corp.*, 215 F.Supp.2d 1029 (E.D.Mo. 2001); *Union Ins. Co. of Providence v. Williams*, 261 F.Supp.2d 1150 (E.D.Mo. 2003); *In re Am. Wood Concepts, LLC*, No. 08-50791, 2010 WL 1609690 (Bankr. W.D.Mo Apr. 20, 2010).

WHEREFORE Farmers respectfully requests this Court enter an order granting Farmers' Motion for Summary Judgment and thus dismissing Plaintiff's claims with prejudice, and for such other relief as the Court deems just.

Respectfully submitted,

**BROWN & JAMES, P.C.**

/s/ Timothy J. Wolf
Timothy J. Wolf, #53099MO
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2501
314-421-3400
314-421-3128 – FAX
twolf@bjpc.com
*Attorney for Defendant Farmers Insurance Company, Inc.*
*#20123490.1*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was sent via the Court's electronic filing system this 21st day of June, 2019, to:

Andrew H. McCue
Louis C. Accurso
The Accurso Law Firm
4646 Roanoke Parkway
Kansas City, MO 64112
amccue@accursolaw.com
laccurso@accursolaw.com

Michael L. Wilson
Wilson Law Firm
6247 Brookside Blvd., Suite 226
Kansas City, MO 64113
mlwilson@kc.rr.com               /s/ Timothy J. Wolf